## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| LAQWUAN NORRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:19-cv-02668-TLP-tmp |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner LaQwuan Norris[1] moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("§ 2255 Motion").  (ECF No. 1.)  Respondent responded in opposition to Petitioner's § 2255 motion.  (ECF No. 6.)

For the reasons stated below, the § 2255 Motion is meritless and the Court **DENIES** the motion.

### BACKGROUND

A federal grand jury returned a nine-count superseding indictment, charging Petitioner on the following four counts: (1) two counts of robbery affecting interstate commerce, in violation of Title 18 U.S.C. § 1951 ("Hobs Act robbery"), and (2) two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  (*See United States v. LaQwuan*, No. 2:17-cr-20356-TLP-2, ECF No. 16 at PageID 29–

---

[1] Petitioner is currently an inmate incarcerated at the Federal Correctional Institution Low in Yazoo City, Mississippi.  His Bureau of Prisons register number is 30576-076.

31.)

Petitioner entered a plea agreement and pled guilty to two counts of Hobbs Act robbery and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence.  (*See* ECF Nos. 60 & 61.)  The United States agreed to dismiss the remaining firearms count at sentencing.  (ECF No. 61 at PageID 107.)  In the Plea Agreement, Petitioner waived his right to appeal and to challenge his conviction or sentence in a collateral attack under 28 U.S.C. § 2255, except for a challenge based on prosecutorial misconduct or ineffective assistance of counsel.  (*Id.* at PageID 107–108.)

The Court then sentenced Petitioner to 180 months of incarceration (96 months each for the two counts of Hobbs Act robbery, to run concurrently to each other, and 84 months on the firearms count, to run consecutively to the 96 month sentence).  (*See* ECF No. 79; ECF No. 80 at PageID 255–56.)  The Court also imposed three years of supervised release.  (*Id.*)  The Court entered judgment, and Petitioner did not appeal.  (ECF No. 80.)

## I.     This § 2255 Motion

Petitioner moved under § 2255 based on *United States v. Davis*, 139 S. Ct. 2319 (2019), alleging that his § 924(c) conviction is invalid because it was based on the now unconstitutional residual clause.[2]  (ECF No. 1 at PageID 2–3.)  Respondent argues that Petitioner's conviction for Hobbs Act robbery, the predicate offense for his § 924(c) conviction, qualifies as a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A) and does not fall under the residual clause invalidated by *Davis*.  (ECF No. 6 at PageID 13–14.)  Also, Respondent claims that Petitioner waived his right to collaterally attack his conviction and sentence in the plea

---

[2] Petitioner originally moved under § 2255 in the criminal case and the Clerk later opened this as a new § 2255 civil action.

2

agreement, and that the waiver is enforceable.  (*Id.* at PageID 14–15.)

## ANALYSIS OF PETITIONER'S CLAIM

### I.      Standard for § 2255 Petition

Under 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

### II.     Analysis

Under 18 U.S.C. § 924(c)(1), "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm," shall, in addition to the punishment imposed for that crime of violence, receive a consecutive sentence of not less than five years.  18 U.S.C. §§ 924(c)(1)(A), (D).  Section 924(c)(3) defines "crime of violence" as any felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another (the "use-of-force clause"), or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense (the "residual clause").

18 U.S.C. § 924(c)(3)(A)-(B).

The Supreme Court held that the residual clause at 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.  The Court relied on its holding in *Johnson v. United States*, 576 U.S. 591 (2015), which invalidated the residual clause in the Armed Career Criminal Act, and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which invalidated the residual clause in 18 U.S.C. § 16.  *Davis*, 139 S. Ct. at 2336.  Neither the Supreme Court nor the Sixth Circuit has held that the substantive rule announced in *Davis* applies retroactively to cases on collateral review.  *See id.* at 2354 (Kavanaugh, J., dissenting); *see United States v. Ballanger*, No. CV 3:08-CR-94-CRS, 2020 WL 1281241, at *2 (W.D. Ky. Mar. 17, 2020) ("[I]t remains to be determined whether *Davis*' holding will apply retroactively on collateral review").[3]  Assuming retroactivity, the Court considers the merits of Petitioner's claim under *Davis*.  The Court first considers if the predicate offense for Petitioner § 924(c) conviction—Hobbs Act robbery—is a crime of violence.  It is.

Under 18 U.S.C. § 1951(b)(1), robbery is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury . . . ."  As defined, Hobbs Act robbery "clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under § 924(c)(3)(A)."  *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017); *see also United*

---

[3] Other federal courts of appeal considering the matter have determined that *Davis* applies retroactively to cases on collateral review.  *See, e.g., In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019) ("*Welch* dictates that *Davis*—like *Johnson*—'announced a substantive rule that has retroactive effect in cases on collateral review.'" (quoting *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016)); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) ("*Davis* announced a new substantive rule, and *Welch* tells us that a new rule such as the one announced in *Davis* applies retroactively to criminal cases that became final before the new substantive rule as announced."); *see United States v. Bowen*, 936 F.3d 1091, 1097–98 (10th Cir. 2019).

*States v. Holmes*, 797 F. App'x 912, 917–918 (6th Cir. 2019) (reaffirming *Gooch*'s holding, that

Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause, following the

Supreme Court's decision in *Davis*).  Because Hobbs Act robbery is a crime of violence under §

924(c)(3)(A), Petitioner is not entitled to habeas relief even though the Supreme Court

invalidated the residual clause (§ 924(c)(3)(B)) in *Davis*.  *See United States v. Henderson*, 798 F.

App'x 468, 469 (11th Cir. 2020) (although *Davis* invalidated the residual clause in §

924(c)(3)(B), the predicate offense of Hobbs Act robbery qualifies as a crime of violence under

the use-of-force clause in § 924(c)(3)(A)).  Thus, Petitioner's claim based on *Davis* is without

merit.[4]

## CONCLUSION

For the reasons stated above, the Court **DENIES** Petitioner's § 2255 Motion.  The Court

will enter judgment for the Respondent.

## APPELLATE ISSUES

The Court **DENIES** a certificate of appealability because Petitioner has not made a

substantial showing of a "viable claim of the denial of a constitutional right," or that the issues

presented are "adequate to deserve encouragement to proceed further."  *See Slack v. McDaniel*,

529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also*

28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

If Petitioner applies to proceed on appeal in forma pauperis, the Court **CERTIFIES** that

an appeal would not be taken in "good faith" under 28 U.S.C. § 1915(a)(3).  Therefore, the Court

**DENIES** leave to appeal in forma pauperis.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*,

117 F.3d 949, 952 (6th Cir. 1997).

---

[4] The Court need not address the waiver issue because the claim is clearly without merit.

**SO ORDERED**, this 6th day of October, 2020.

s/Thomas L. Parker

THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE